In the Interest of B.A.F., a Minor.

No. WD 41909.

Missouri Court of Appeals,
Western District.

Dec. 12, 1989.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Jan. 30, 1990.

Milton B. Garber, Fulton, for appellant.

Darwin A. Hindman, Jr., Columbia, for respondent.

Before LOWENSTEIN, P.J., and KENNEDY and GAITAN, JJ.

LOWENSTEIN, Judge.

This is an appeal from an order terminating the parental rights of the natural father, Richard Fowler, as to his son B.A.F. The judgment is affirmed.

On September 25, 1982 Fowler, in concert with his wife Nancy, the boy's mother, kidnapped a fifteen year old girl in St. Louis, Missouri. They took the girl to their home where Fowler raped and sodomized her. He was found guilty of one count of the class B felony of kidnapping for the purpose of committing the felonies of rape and forcible sodomy, one count of class A felony of forcible rape, and four counts of the class A felony of forcible sodomy. On September 2, 1983 Fowler was sentenced to the Department of Corrections for five years for kidnapping, twelve years for rape, and ten years for each sodomy conviction, the sentences to run concurrently. Nancy was also incarcerated for these crimes, but was released in July, 1987. Fowler has had several problems in prison, including the sale and consumption of drugs. Parole has been denied several times, Fowler has a conditional release date set in July, 1992.

B.A.F. was born on November 22, 1983 after Fowler was already in prison. The Division of Family Services (DFS) took B.A.F. into custody on November 23, 1983 and two days later placed him in a foster home where he has been ever since.

The juvenile officer filed a petition for termination of Fowler's parental rights on December 23, 1988. The petition for termination alleges it would be in the best interest of the child and statutory conditions exist for the termination pursuant to § 211.447.2(1), (2) and (3), RSMo 1986. The conditions alleged include: 1) Fowler has without good cause, left B.A.F. without any provision for parental support and without making arrangements to visit or communicate with B.A.F., although able to do so; 2) Fowler has repeatedly and continuously failed, although physically able, to provide B.A.F. with the care necessary for his physical, mental, or emotional health and development; and 3) B.A.F. has been under the jurisdiction of the Juvenile Court for a period of one year, and the conditions which led to the assumption of jurisdiction still persist and that there is little likelihood that those conditions will be remedied at an early date so that B.A.F. can be returned to Fowler in the near future and the continuation of the parent-child relationship, greatly diminishes B.A.F.'s prospects for early integration into a stable and permanent home.

The trial court made findings and terminated Fowler's parental rights to B.A.F. on all three grounds. This appeal followed. Other pertinent facts shall be discussed *infra* as needed.

The standard of review in a court tried case where the rights of a parent have been terminated is upon both the evidence and the law. *In Interest of D.R.M.*, 780 S.W.2d 145, 146 (Mo.App.1989). The order will be sustained unless there is no substantial evidence to support it, unless it is contrary to the weight of the evidence, or unless it erroneously declares or applies the law. *Id; In Interest of R.A.M.*, 755 S.W.2d 431, 435 (Mo.App.1988). This court will defer questions of credibility of a witness and choosing between conflicting evidence to the trial court, *In Interest of R.H.S.*, 737 S.W.2d 227, 236 (Mo.App.1987), and will review the facts and the reasonable inferences therefrom in the light most favorable to the trial court's order. *In Interest of A.R.M.*, 750 S.W.2d 86, 87 (Mo. App.1988).

Since the judgment may be sustained on any of the grounds, the court looks at the abandonment issue as dispositive. *R.H.S., supra* at 236.

Fowler contends the trial court erred because: 1) incarceration in and of itself shall not be grounds for termination of parental rights; and 2) the termination was not supported by clear, cogent and convincing evidence. In the instant case, the trial court correctly found Fowler abandoned B.A.F. pursuant to § 211.447.2(1). That section reads in pertinent part:

> 2. The juvenile court may terminate the rights of a parent to a child ... if it finds that the termination is in the best interest of the child and when it appears by clear, cogent and convincing evidence that one or more of the following grounds for termination exist:
>
> (1) The child has been abandoned. The court shall find that the child has been abandoned if, for a period of six months or longer ... at the time of the filing of the petition:
>
> \* \* \* \* \* \*

> (b) The parent has without good cause, left the child without any provision for parental support and without making arrangements to visit or communicate with the child, although able to do so[.]
>
> \* \* \* \* \* \*

> 3. When considering whether to terminate the parent-child relationship pursuant to subdivision (1) ... of subsection 2 of this section, the court shall evaluate and make findings on the following factors, when appropriate and applicable to the case:
>
> (1) The emotional ties to the birth parent;
>
> (2) The extent to which the parent has maintained regular visitation or other contact with the child;
>
> (3) The extent of payment by the parent for the cost of care and maintenance of the child when financially able to do so ...;
>
> (4) Whether additional services would be likely to bring about lasting parental adjustment enabling a return of the child to the parent within an ascertainable period of time;
>
> (5) The parent's disinterest in or lack of commitment to the child;
>
> (6) The conviction of the parent of a felony offense that the court finds is of such a nature that the child will be deprived of a stable home for a period of years; provided, however, that incarceration in and of itself shall not be grounds for termination of parental rights[.]
>
> \* \* \* \* \* \*

> 4. The Court may attach little or no weight to infrequent visitations, communications, or contributions.

Section 211.447.2(1)(b); 211.447.3(1)–(6); and 211.447.4, RSMo 1986.

The court found by clear, cogent and convincing evidence that termination of Fowler's rights would be in the best interest of B.A.F., and that Fowler has without good cause, left his boy without any provision for parental support and without making arrangements to visit or communicate with B.A.F. although able to do so. The court also found B.A.F. has no emotional ties to Fowler, Fowler has had little person-

al contact with B.A.F., Fowler failed to provide B.A.F. with cards or gifts except on one occasion, Fowler is incarcerated, he has failed to contribute to support B.A.F., and he has failed to inquire about B.A.F.

The facts viewed in the light most favorable to the order, *A.R.M.* at 87, first show that Fowler has been convicted of a felony which he is now serving a prison sentence. Although imprisonment of a parent does not per se constitute abandonment, "a majority of the decisions hold that under appropriate circumstances imprisonment may constitute abandonment." *A.R.M.*, at 89. These circumstances include the denial of parole on four previous occasions, at least fifteen violations since imprisoned, the continued use of drugs while in prison, and even the dealing of drugs during this time. This conduct infers reunification with B.A.F. is not at the top of Fowler's list of priorities.

Second, while in prison, Fowler has earned minimum wages of $7.50 and $25.00 per month. Although he has sent some of this money home to his mother "because I'm going to need some money when I get on the streets," he has sent no money for the support of B.A.F., even though it was obvious there was "some ability on the part of the parent to make a monetary contribution toward support of the child...." *In Interest of H.M.*, 770 S.W.2d 442, 444 (Mo. App.1989).

Finally, Fowler has had little to no contact with B.A.F. while in prison: 1) he has seen B.A.F. only once, in August of 1984 when B.A.F. was nine months old; 2) he had notified DFS asking for visitation and was told he should submit a plan. Although Fowler knew what a plan was, he did not submit one because he "figured it wouldn't do no good;" 3) he sent a Christmas present to B.A.F. in 1985 which he got free through the Salvation Army; and 4) he sent B.A.F. a card and letter in early 1989, *after* the petition for termination of Fowler's parental rights had been filed. This "after the fact" correspondence is not consistent with the desire of a parent to establish a relationship with his child. *D.R.M.*, at 4.

In sum, these attempts at correspondence "constitute merely token efforts to preserve the parent-child relationship." *A.R.M.*, at 90. There was substantial evidence to support the trial court's order. *See, e.g., D.R.M., supra; H.M., supra; R.H.S., supra; A.R.M., supra.*

The judgment is affirmed.